Frederick L. BRISCO, also known as Frederick L. Clarks, (99–1018) Lasonja D. Brisco, also known as Lasonja D. Clarks, (99–1020) Carlos E. Brisco, also known as Carlos E. Clarks, By his next friend, his parent Mary J. Brisco–Whitter, aka Mary J. Clarks, (99–1021) Reginald D. Brisco, also known as Reginald D. Clarks, (99–1022) Mary J. Brisco–Whitter, also known as Mary J. Clarks, (99–1023) Plaintiffs–Appellants,

v.

**UNITED STATES of America,
Defendant–Appellee.**

**Nos. 99–1018, 99–1020, 99–1021,
99–1022, 99–1023.**

United States Court of Appeals,
Sixth Circuit.

May 10, 2001.

---

Before JONES, SILER, and GILMAN, Circuit Judges.

Frederick L. Brisco, Lasonja D. Brisco, Carlos E. Brisco, Reginald D. Brisco, and Mary J. Brisco–Whitter ("taxpayers"), proceeding through counsel, appeal district court judgments in favor of the United States of America in their civil actions filed pursuant to 26 U.S.C. § 7422. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On February 20, 1997, taxpayers filed separate complaints against the United States of America. Taxpayers alleged that in June 1988, a jury awarded them a judgment in a personal injury action concerning Arthur L. Clarks, a family member who was injured while unloading a truck at a K–Mart store. On July 9, 1991, taxpayers received payments representing their portions of the judgment, with accrued interest, in the following amounts: Frederick, Lasonja, Carlos, and Reginald, Clarks's children, each received $250,000 for the judgment and $254,805 for accrued interest and Mary, Clarks's wife, received $2,800,000 for the judgment and $2,853,871 for accrued interest. Taxpayers paid their attorneys one-third of the amounts that they received for the judgment and accrued interest pursuant to a contingent fee contract that they had entered into with their attorneys. Taxpayers did not include as income the portion of the interest payments that they paid to their attorneys under the contingent fee contract when filing their income tax returns for the year 1991.

In 1993, the Internal Revenue Service ("IRS") conducted an audit of taxpayers' 1991 income tax returns and notified taxpayers of tax deficiencies due to their failure to include as income the attorney fee portion of their interest payments. As a result of the IRS's deficiency notices, taxpayers paid the following amounts to the United States in 1995: Frederick, $20,145; Lasonja, $19,439; Carlos, $19,439; Reginald, $19,599; and Mary, $168,304. After unsuccessfully pursuing refunds with the IRS, taxpayers filed the instant actions seeking refunds for the amounts paid to the IRS in 1995. Taxpayers contended that they were not responsible to pay tax on the attorney fee portion of the interest payments that they received as a result of

the personal injury judgment in their favor.

The district court granted summary judgment in favor of the United States and against the taxpayers in each case. Taxpayers have filed timely appeals. Since all five appeals involve the same issue, the cases have been consolidated pursuant to an order of this court filed on February 5, 1999.

We review the district court's grant of summary judgment de novo. *EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 701 (6th Cir.1999). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court improperly granted summary judgment in favor of the United States. *See id.* The interest portion of an attorney's contingent fee paid in a personal injury action is excludable from the client's gross income when the client files his or her tax return for the year in which the payment was received. *Estate of Clarks v. United States*, 202 F.3d 854, 857–58 (6th Cir.2000). "The income should be charged to the one who earned it and received it, not ... to one who neither received it nor earned it." *Id.* at 858. Thus, taxpayers' attorneys, rather than taxpayers, should be taxed on the interest payment. *See id.* at 857–58.

Accordingly, the district court's judgments in each of these five cases is vacated and the cases are remanded to the district court for further proceedings in light of *Estate of Clarks.*